## HICKS *a.* BRENNAN.

*Supreme Court, First District; Special Term, April,* 1860.

JUDGMENT ON DISCONTINUANCE.—NOTICE OF MOTION.—WITNESS' FEES.—TAXATION OF COSTS.

On discontinuance by plaintiff, defendant cannot enter judgment for costs; but must proceed to have the action dismissed, if the costs on the discontinuance are not paid.

Notice of motion to set aside a judgment for irregularity on the ground that it is improperly entered, sufficiently specifies the objection that the judgment was entered without authority.

Facts requisite to be shown to entitle the prevailing party to tax-fees for travel of witnesses.

Hicks *a.* Brennan.

A witness who actually attends in two cases between the same parties, is entitled to fees in both.

Motion to set aside judgment in each of two actions between the same parties.

LEONARD, J.—It was irregular for the defendants to enter judgment on the discontinuance of the plaintiffs' attorney. If the costs were not paid by plaintiffs, the action was not in fact discontinued. (Jennings *a.* Fay, 1 *Code R.*, *N. S.*, 231.)

The defendants might then proceed to dismiss for want of prosecution, or put the case on the calendar and dismiss it when reached. The defendants' attorney was irregular in entering the judgment.

The reference to this irregularity contained in the notice of motion, I consider a sufficient compliance with the rule. The notice that the motion is made to set aside the judgment for irregularity, on the ground that it is improperly entered, seems to refer sufficiently to the matter to apprise the party that it is claimed that the judgment has been entered without authority. The judgment and execution must be set aside.

The rule in regard to the fees of witnesses attending from other States, is properly laid down in Wheeler *a.* Lozee (12 *How. Pr. R.*, 446).

The party to the action claiming the fees of the witness, must prove, by affidavit, the residence of the witness, that he travelled from thence to the place where the trial was to be had for the purpose of attending as a witness, and that the witness was material and necessary. The charge should be for the number of miles the witness travels from the State line to the place where the trial is to be had. The distance should be estimated by the nearest usually travelled route from the residence of the witness. He is not required to travel a shorter route on which there is no public conveyance, nor can he go an unreasonable distance round in order to find a public conveyance.

The defendants' affidavits must show these facts : where the witness resided; where he crossed the State line—or where the most usually travelled route from his residence to this city would cross the State line.

The disbursements actually incurred in preparing for trial

at the January term, 1860, are allowable, but not the term fee.

I think the witness was entitled to fees in each case, if he actually attended in each case. The court cannot go into a nice distinction as to whether the issue in one case only required the attendance of the witness. The costs and disbursements must be adjusted on these principles.

No costs of the motion are allowed to either party.

## ROGERS *a*. McLEAN.

*Supreme Court, First District; At Chambers, April,* 1860.

JUDICIAL SALE.—PARTIES.—APPEARANCE OF INFANT LUNATIC.—
GUARDIAN APPOINTED IN FOREIGN STATE.

The rule, that where property is sold at a judicial sale without reservation or notice of defect in title, the purchaser will not be compelled to take the title if it proves defective or doubtful—applies to sales under the judgments of the Supreme Court.

The committee of an infant lunatic residing without this State, appointed under the laws of another State, cannot appear for him in an action in the courts of this State, nor, without service of summons upon the infant, proceed to have a guardian *ad litem* appointed for him.

The objection that an infant lunatic who was a necessary party to the action, was not served with summons, but was thus proceeded against, is a defect which cannot be cured except by a new action; and the purchaser under the judgment cannot be compelled to take the title.

The purchaser, on being discharged on account of defects in the title, is entitled to receive a return of his deposit, with interest from the time the sale was to be completed, and the expenses of investigating the title, and the costs of his motion to be discharged.

Petition to be discharged from a purchase of lands at a sale under a judgment in a partition action.

This action was for a partition of lands. Upon the sale of the premises under judgment in the action, one Joseph Richardson became the purchaser at the price of $80,250, and paid the ten